cdeg

NIGHT BOX
FILED

NOV 1 8 2004

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **04-61544**

UNITED STATES OF AMERICA,

Plaintiff, **CIV-MARRA**

v.

NINETY-ONE THOUSAND EIGHT HUNDRED
EIGHTY-SEVEN DOLLARS AND FIFTY-SEVEN
CENTS ($91,887.57) IN UNITED STATES CURRENCY
SEIZED FROM SUNTRUST BANK ACCOUNT
NO. 0407006562813 IN THE NAME OF CONCEPT RX, INC.,

**MAGISTRATE JUDGE
SELTZER**

Defendant.
_____/

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

The plaintiff, the United States of America, hereby files this Verified Complaint for Forfeiture *In Rem* and in support states the following:

1. This is a civil action for Forfeiture *In Rem* of Ninety-One Thousand Eight Hundred Eighty-Seven Dollars and Fifty-Seven Cents ($91,887.57) in United States Currency seized from Suntrust Bank Account No. 0407006562813 in the name of CONCEPT RX, INC. ("defendant currency").

2. Jurisdiction is vested in this Court pursuant to Title 28, United States Code, Sections 1345 and 1355.



3. Venue lies in this district, pursuant to Title 28, United States Code, Section 1395 because the defendant currency is located within the Southern District of Florida and will remain so during the pendency of these proceedings.

4. The United States of America seeks forfeiture of the defendant currency pursuant to Title 21, United States Code, Section 881 (a)(6) as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substance Act, Title 21, United States Code, Section 801, *et. seq.*, and/or proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substance Act, Title 21, United States Code Section 801 *et. seq.*

## FACTUAL BACKGROUND

5. E.V.A. GLOBAL, INC. ("E.V.A.") operates an online prescription service for among other things, weight-loss medications (i.e., Schedule III and IV controlled substances).

6. Customers desiring to purchase weight-loss medications online from E.V.A. log onto one of the E.V.A.'s affiliated websites and follow the instructions detailed online to order and to pay for the weight-loss medications.

7. When a customer enters an E.V.A. website he/she is directed to complete a short health history questionnaire and to thereafter provide payment information so that the weight-loss medication ordered can be shipped to the customer if the customer's order is authorized by an E.V.A. physician.

8. Some of the Schedule III and IV controlled substances (i.e., weight-loss medications) available for purchase via an E.V.A. website are Bontril, Phentermine, Meridia, Ambien, and

Sonata.

9. E.V.A. contracted with approximately ten (10) physicians to review the online health questionnaires submitted by customers purchasing weight-loss medications from E.V.A. and to approve or to deny the prescription requests. The physicians were paid between $3 and $10 per health questionnaire reviewed.

10. Once a customer's order was approved by one of the contracted physicians and the physician thereafter authorized a prescription, pharmacies throughout the United States with whom E.V.A. had contracted to fill the online prescriptions would download batches of prescriptions from an E.V.A. website and fill the orders accordingly. The pharmacies were paid approximately $5 per prescription filled and shipped.

11. One of the Drug Enforcement Administration ("DEA") registered pharmacies with whom E.V.A. contracted to fill its internet prescriptions for weight-loss medications was CONCEPT RX, INC. ("CONCEPT"), 1747 North University Drive, Plantation, Broward County, Florida, which is owned and operated by the claimant, Serge Francois ("Claimant").

12. On July 11, 2003, a DEA investigator conducted three (3) undercover buys of a weight-loss medication (i.e., a Schedule III controlled substance) through an E.V.A. website. The DEA investigator filled out the required medical questionnaire for each requested medication and paid for the drugs with money orders. Payment was thereafter forwarded to E.V.A., as directed by its website, at 5400 S. University Drive, Suite 413, Davie, FL 33328.

13. The DEA investigator's orders were subsequently filled by the Claimant's pharmacy, CONCEPT RX, INC., and shipped to the above address to be forwarded to the DEA investigator at an undercover address in the Southern District of Florida.

3

14. The DEA investigator's undercover purchases were purportedly authorized by physicians outside the State of Florida, and at no time during the ordering process did the DEA investigator speak to a physician.

15. The Claimant was listed as the dispensing pharmacist for all three of the above undercover purchases.

16. The Florida Board of Medicine is responsible for licensing qualified health care providers, establishing and enforcing health care standards, and disseminating appropriate information to consumers and practitioners.

17. According to the Florida Board of Medicine's Standards for the Prescription of Obesity Drugs (64B8-9.012)(the Board's Standards), as authorized by Florida Statute 458.336 "The prescription of medication for the purpose of enhancing weight loss should only be performed by physicians qualified by training and experience to treat obesity" and that "to justify the use of weight loss enhancers, the patient must have a Body Mass Index (BMI) of 30 or above".

18. The websites through which the DEA Investigator ordered the drugs only require a Body Mass Index of 25.

19. The Board's Standards also state that "An initial evaluation of the patient shall be conducted prior to the prescribing, ordering, dispensing, or administering of any drug, synthetic compound, nutritional supplement or herbal treatment and such evaluation shall include an appropriate physical and complete history; appropriate tests related to medical treatment for weight loss; and appropriate medical referrals as indicated by the physical, history and testing; all in accordance with general medical standards of care".

20. The Board's Standards further state that "At the time of delivering the initial

prescription or providing the initial supply of such drugs to a patient, the prescribing physician must personally meet with the patient and personally obtain an appropriate written informed consent from the patient. Such consent must state that there is a lack of scientific data regarding the potential danger of long term use of combination weight loss treatments, and shall discuss potential benefits versus potential risks of weight loss treatments. The written consent must also clearly state the need for dietary intervention and physical exercise as part of any weight loss regimen. A copy of the signed informed consent shall be included in the patient's permanent medical record".

21. Moreover, the Board's Standards state that "Each physician who is prescribing, ordering, or providing weight loss enhancers to patients must assure that such patients undergo an in-person re-evaluation within two to four weeks of receiving a prescription, order or dosage", and "Each physician who prescribes, orders, dispenses weight loss enhancers for the purpose of providing medically assisted weight loss shall provide to each patient a legible copy of the Weight-Loss Consumer Bill of Rights as set forth in Florida Statutes Section 501.0575."

22. None of the prescriptions described above were processed in compliance with the Board's Standards.

23. According to Title 21, United States Code of Federal Regulations, Section 1306.04, "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent

of Section 309 of the Controlled Substances Act (Title 21, United States Code, Section 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

24.  In April, 2001, the DEA posted a Federal Register Notice giving guidance regarding the dispensing and purchasing of controlled substances over the Internet. The notice states that "Under Federal and state law, for a doctor to be acting in the usual course of professional practice, there must be a bona fide doctor/patient relationship. Completing a questionnaire that is then reviewed by a doctor hired by the Internet pharmacy could not be considered the basis for a doctor/patient relationship"

25.  DEA regulations do not recognize, as a lawful prescription, electronic transmissions over the Internet of prescriptions from prescribers to pharmacies. If a pharmacy receives what appears to be a prescription for a Schedule III-V prescription via the Internet, the pharmacy must contact the prescriber via telephone and receive an oral prescription for the controlled substance, including the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use and the name, address and registration number of the practitioner (21 CFR 1306.05(a)). The pharmacist must immediately reduce this oral prescription to writing (21 CFR 1306.21(a)). Under 21 CFR 1306.21(a), a pharmacist may dispense Schedule III and IV controlled substances only if the pharmacist has 1) an oral prescription called into the pharmacy by the physician; 2) a written prescription signed by a physician; or 3) a facsimile of a written prescription transmitted by the physician to the pharmacy.

26. The American Medical Association ("AMA") is the national professional organization for all physicians in the United States and serves as the steward of medicine and leader of the medical profession.

27. An AMA-related press release dated June 19, 2003, entitled "AMA adopts new guidelines to help physicians ensure safe and secure internet prescribing" states in relevant part that:

"The AMA noted that some web sites prescribing medications to patients electronically do not meet minimum standards of medical care. Many of these companies are not establishing valid patient-physician relationships and continue to dispense drugs based solely on online questionnaires and consultations."

28. Additionally, Resolution 921 of the AMA House of Delegates (HOD) introduced by the American Society of Bariatric Physicians and received on November 6, 2003, contains three resolutions:

(1) that AMA support efforts requiring the establishment of a physician/patient relationship before prescribing medications online;

(2) that AMA establish policy that it is unethical for a physician to prescribe and dispense medications via the internet without the prescribing physician first examining the patient; and

(3) that the AMA lobby federal government to enforce existing law and regulations making certain online pharmacies illegal and to prosecute these companies to the full extent of the law to ensure these operations are effectively shut down.

29. E.V.A.'s primary business account is Bank of America, Account Number 003675018149, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33304.

30. E.V.A.'s income is derived solely from illegal internet prescription sales and the

proceeds from its illegal internet prescription sales business were deposited into this account.

31.     CONCEPT's business account is Suntrust Bank, Account Number 0407006562813, 8200 West Broward Boulevard, Plantation, Florida 33324.

32.     From July, 2003 through October, 2003, E.V.A. wire-transferred $497,869.96 from E.V.A.'s Bank of America, Account Number 003675018149 into the above-referenced business account of CONCEPT.

33.     On June 4, 2004, a duly authorized seizure warrant issued in the Southern District of Florida was executed on CONCEPT'S business account.

34.     The total amount of the funds on deposit in CONCEPT'S business account at the time of the execution of the seizure warrant was Ninety-One Thousand Eight Hundred Eighty-Seven Dollars and Fifty-Seven Cents ($91,887.57).

35. After     the seizure of the funds CONCEPT's bank account, the DEA commenced administrative forfeiture proceedings against the funds and CONCEPT filed a claim, necessitating the filing of this judicial forfeiture action.

36.     Pursuant to Title 21, United States Code, Section 881 (a)(6), all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substance Act, Title 21, United States Code, Section 801, *et. seq.*, and/or all proceeds traceable to such an exchange, and/or all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substance Act, Title 21, United States Code Section 801 *et. seq.* are forfeitable to the United States of America.

37. The defendant currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substance Act, Title 21, United States Code, Section 801, *et. seq.*, and/or proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substance Act, Title 21, United States Code Section 801 *et. seq.* and as such is forfeitable to the United States of America.

**WHEREFORE,** the United States of America requests that the Court issue a warrant and summons for the arrest and seizure of the defendant currency; that notice of this action be given to all persons known to have an interest in or right against the defendant currency; that the defendant currency be condemned as forfeited to the United States of America; and that the Plaintiff have such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated: November 15th, 2004

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
CAROL E. A. DEGRAFFENREIDT
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0642101
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida  33394
Tel: (954) 660-5726
Fax:(954) 356-7180
E-mail: Carol.DeGraffenreidt@usdoj.gov

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that I, Sandra M. Speck, Special Agent of the United States Drug Enforcement Administration, have read the foregoing Verified Complaint for Forfeiture *In Rem* and state that the information contained therein is based upon information known and/or imparted to me and that the facts contained therein are true and correct to the best of my knowledge and belief.

SANDRA M. SPECK
SPECIAL AGENT
UNITED STATES DRUG
ENFORCEMENT ADMINISTRATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**
NINETY-ONE THOUSAND EIGHT HUNDRED EIGHTY-SEVEN DOLLARS AND FIFTY-SEVEN CENTS ($91,887.57) IN UNITED STATES CURRENCY, et al.,

**CIV-MARRA**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**MAGISTRATE JUDGE SELTZER**

**NIGHT BOX FILED**
NOV 18 2004

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
04-61544

ATTORNEYS (IF KNOWN)

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

0:04 CV 61544 Marra-Seltzer

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | | | |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | B☐ 690 Other | **A LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **B SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| | | | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | | B☐ 530 General | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | A☐ 535 Death Penalty | | |
| | | B☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | B☐ 555 Prison Condition | | A OR B |
| | | ☐ 790 Other Labor Litigation | | |
| | | A☐ 791 Empl. Ret. Inc. Security Act | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.